# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-cv-00173-FDW

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **ORDER**<br>)<br>) |
| DENNIS INSURANCE GROUP, INC.; DENNIS & ASSOCIATES, INC.; EUGENE GARY DENNIS; SECURITY INSURANCE COMPANY OF HARTFORD; THE FIRE & CASUALTY INSURANCE COMPANY OF CONNECTICUT; THE CONNECTICUT INDEMNITY COMPANY; ARROWOOD INDEMNITY COMPANY; and THE ARTIS GROUP; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER comes now before the Court upon Plaintiff's Motion for Default against Defendants Dennis Insurance Group, Dennis & Associates, Inc., and Eugene Gary Dennis (the "Dennis Defendants") (Doc. No. 39). For the reasons stated below, Plaintiff's Motion is DENIED.

Plaintiff filed its Complaint against all Defendants on April 16, 2008 (Doc. No. 1). Eugene Gary Dennis waived service of process on April 28, 2008 (Doc. No. 11). Dennis Insurance Group and Denis & Associations waived service of process on May 6, 2008 (Doc. Nos. 17, 18). None of the Dennis Defendants have answered or otherwise defended. Plaintiff moved for entry of default against the Dennis Defendants, and the Clerk of Court entered default on November 25, 2008 (Doc. No. 38). Plaintiff now requests that the Court enter default judgment against the Dennis Defendants.

Although none of the Dennis Defendants have answered or otherwise defended, the remaining Defendants have done so (Doc. No. 19). It is a generally established rule of law that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (West 2008); see also Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872). This rule is equally applicable beyond the context of joint and several liability to "situations in which several defendants have closely related defenses." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (West 2008); see also U.S. for Use of Hudson v. Peerless Ins. Co., 374 F.2d 942, 944-45 (4th Cir. 1967). Indeed, the remaining Defendants have alleged that they are the recipients of the Dennis Defendants' "assignment of their claims for coverage against Scottsdale." (Defs.' Mem. in Opp'n to Pl.'s Mot. for Default J. ¶ 4, Doc. No. 40.) Thus, it is a near certainty that the non-defaulting Defendants will have "closely related defenses" to the Dennis Defendants.

Accordingly, the proper procedure for Plaintiff is to "proceed with the cause upon the answers of the other defendants. . . . If [the case] be decided in [Plaintiff's] favor, [it] will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." Frow, 82 U.S. (15 Wall.) at 554. Plaintiff's Motion is therefore DENIED.

IT IS SO ORDERED.                                   Signed: January 9, 2009

*Frank D. Whitney*
Frank D. Whitney
United States District Judge